UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ADAM CREWS, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 6:13-CV-00020 |
| ELITE COIL TUBING SOLUTIONS, LLC, *et al*, | § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Before the Court is the Plaintiffs' Motion to Dismiss Defendants' Counterclaims and Offsets (Docket Entry No. 13). Plaintiffs are oil field services personnel who assert that their employer, Defendant Elite Coil Tubing Solutions, LLC, and its registered owner, Defendant James P. Hardy, Jr., failed to pay them overtime wages in violation of the Fair Labor Standards Act (FLSA). Defendants maintain that they did not violate the FLSA and that even if Plaintiffs are entitled to unpaid overtime, their award should be offset by "Day Bonus" payments that Plaintiffs collected after falsely claiming to have worked on certain job projects. However, the Fifth Circuit does not allow employers to claim offsets in FLSA cases except in narrow circumstances that are not present here. Accordingly, the Plaintiffs' motion to dismiss Defendants' counterclaim for wrongly paid "Day Bonus" payments is granted.

"[C]ourts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it" because cluttering FLSA proceedings "with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738, 740, 741 (5th Cir. 2010) (internal citations omitted). In fact, the Fifth Circuit generally does not permit employer offsets "unless the money being set-off can be considered wages that the employer pre-paid the plaintiff-employee." *Id.* at 742; *see also Singer v. City of Waco*, 324 F.3d 813, 826 (5th Cir. 2003) (allowing the Defendant municipal entity to offset overpayments it had made to its firefighters during 96-hour work periods against the underpayments it made during 120-hour work periods).

The Defendants' attempted offset does not fit into the narrow exception that the Fifth Circuit has recognized for employer counterclaims in FLSA cases and thus cannot be maintained. Defendants assert that Plaintiffs received payments meant for workers on "outside" job projects by fraudulently claiming to be working on those projects. Docket Entry No. 10 at 14. But this fraud claim is unrelated to whether Plaintiffs were entitled to overtime pay. The answer does not allege that the bonus payments were legitimate prepaid wages that could offset underpayments of overtime wages—in fact, Defendants argue that the bonus payments should never have been made at all. Courts in this Circuit have rejected

similar claims, even before the restrictive approach to employer counterclaims was clarified in *Martin*. *See, e.g., Willins v. Credit Solutions of Am., Inc.*, 2010 WL 624899, at *3 (N.D. Tex. Feb. 23, 2010). In *Willins*, a consumer debt reduction company asserted that it was entitled to offset any unpaid overtime it owed its debt consultants with unearned commissions that it had prepaid the consultants. *Id.* at *1. The court concluded that the company's attempted offset was "a completely unrelated counterclaim" not authorized under Fifth Circuit precedent and dismissed it. *Id.* at *3.

Defendants have not alleged that they are attempting to offset unpaid overtime with prepaid wages, which is essentially the only type of counterclaim the Fifth Circuit allows in FLSA cases. Therefore, allowing the Defendants' counterclaim would subvert the Court's purpose in FLSA cases of "assur[ing] to the employees of a covered company a minimum level of wages." *See Martin*, 628 F.3d at 741 (internal citations omitted). For these reasons, the Court cannot allow Defendants' counterclaims to proceed and Plaintiffs' Motion to Dismiss Defendants' Counterclaims and Offsets (Docket Entry No. 13) is **GRANTED**.

**SIGNED** this 26th day of November, 2013.

_____
Gregg Costa
United States District Judge